# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION

THE SCOTTS COMPANY LLC and OMS
INVESTMENTS, INC.,

        **Plaintiffs,**                    **Case No. 5:19-cv-266**

           **v.**                       **JURY TRIAL DEMANDED**

MIRACLEGRO MARKETING,
DROPLINE DESIGN LLC, STEPHEN
TOTH, and VICTORIA TOTH,

        **Defendants.**

## COMPLAINT

Plaintiffs, The Scotts Company LLC and OMS Investments, Inc. (collectively "ScottsMiracle-Gro" or "Plaintiffs"), for their Complaint against Defendants, MiracleGro Marketing, DropLine Design LLC, Stephen Toth and Victoria Toth (collectively "Defendants"), allege and state as follows:

### Nature of the Case

1.      Headquartered in central Ohio for over 150 years, ScottsMiracle-Gro is the world's largest marketer of branded consumer lawn and garden products. ScottsMiracle-Gro has developed some of the industry's most widely recognized brands, including its famous MIRACLE-GRO mark and other GRO-formative marks, under which ScottsMiracle-Gro sells goods and services directed to growing plants, including but not limited to, fertilizers, soils, plant food, garden tools, plant growing systems and advice and information relating to growing plants. ScottsMiracle-Gro first used the MIRACLE-GRO mark in April of 1951, nearly seventy years ago.

2.     Without ScottsMiracle-Gro's authorization, Defendants operate a business under the name MiracleGro Marketing which markets and sells various goods and services under the MIRACLEGRO and GRO marks directed to growing plants and plant growers, with a focus on cannabis and hemp producers.

3.     As detailed below, Defendants' conduct constitutes unfair competition and infringement and dilution of ScottsMiracle-Gro's trademark rights.  Defendants' improper conduct is knowing, intentional, and designed to trade on the reputation that ScottsMiracle-Gro has developed through many decades of successful promotion and sales of its superior products under its famous MIRACLE-GRO mark and other GRO-formative marks.

4.     ScottsMiracle-Gro has been, and is likely to continue to be, injured by Defendants' misconduct, and will suffer irreparable harm unless and until Defendants are enjoined from using the MIRACLE-GRO mark in connection with Defendants' products and services.

## The Parties

5.     The Scotts Company LLC is an Ohio limited liability company with its principal place of business at 14111 Scottslawn Road, Marysville, Ohio 43041, and is the licensee of various intellectual property assets owned by OMS Investments, Inc., including the MIRACLE-GRO mark that is being willfully infringed by Defendant.

6.     OMS Investments, Inc. is a Delaware corporation with an office at 10250 Constellation Blvd., Suite 2800, Los Angeles, California, 90067, and is an affiliate of The Scotts Company, LLC.

7.     Defendant MiracleGro Marketing is a company with a principal place of business at 142 Sunnyview Lane, Clayton, North Carolina 27520.

2

8.      Defendant DropLine Design, LLC is a dissolved North Carolina limited liability company with a registered mailing address of 285 Tuscarora Ln, Clayton, North Carolina 27520 and a mailing address of PO Box 1858, Clayton, North Carolina 27526.

9.      On information and belief, defendant Stephen Toth is an individual residing at 142 Sunnyview Lane, Clayton, North Carolina 27520, and is doing business under the name Dropline Design, LLC and is an owner of defendant MiracleGro Marketing and/or is doing business as MiracleGro Marketing.

10.     On information and belief, defendant Victoria Toth is an individual residing at 142 Sunnyview Lane, Clayton, North Carolina 27520, and is doing business under the name Dropline Design, LLC and is an owner of defendant MiracleGro Marketing and/or is doing business as MiracleGro Marketing.

11.     On information and belief, Defendants, through their agents, representatives, or affiliates, have done, and are doing, business in the Eastern District of North Carolina, and have engaged in acts and/or omissions within this district.  The foregoing acts and/or omissions are causing ScottsMiracle-Gro to suffer injury, including, but not limited to, injury within this district.

**Jurisdiction and Venue**

12.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332, 1338(a)-(b), and 1367.

13.     This Court has subject matter jurisdiction over Counts I, II, and III of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) because these counts present a Federal question under the following provisions of the United States Code:

3

a. Count I (Trademark Infringement) - 15 U.S.C. § 1114;

b. Count II (Federal Unfair Competition) - 15 U.S.C. § 1125(a); and

c. Count III (Federal Trademark Dilution) – 15 U.S.C. § 1125(c).

14. This Court has supplemental jurisdiction over ScottsMiracle-Gro's state law claims, Counts IV and V, pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy as ScottsMiracle-Gro's federal claims.

15. ScottsMiracle-Gro is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendants because Defendants have a principal place of business and/or reside in the Eastern District of North Carolina and are, and have been, conducting continuous and systematic business by promoting and selling services within the State of North Carolina and within the Eastern District of North Carolina. Defendants have also caused harm and committed unlawful acts hereinafter complained of in this judicial district, and ScottsMiracle-Gro has suffered harm in this judicial district as a result of Defendants' conduct.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and a substantial part of the events giving rise to ScottsMiracle-Gro's claims occurred in this judicial district.

## Background Facts

### ScottsMiracle-Gro's Famous MIRACLE-GRO Mark

17. Throughout its history, ScottsMiracle-Gro has developed and maintained a national reputation for high quality lawn and garden products.

18. ScottsMiracle-Gro has been, and is now, extensively engaged in the business of marketing and selling in United States commerce various goods and services directed to growing plants, including but not limited to, fertilizers, soils, plant food, garden tools, plant growing

4

systems and advice and information relating to growing plants and related products and services (collectively "Products" or "ScottsMiracle-Gro's Products") under the MIRACLE-GRO and various GRO-formative marks (collectively the "MIRACLE-GRO Marks").

19.     ScottsMiracle-Gro, through its predecessors-in-interest, first used the MIRACLE-GRO mark in United States interstate commerce in connection with ScottsMiracle-Gro's Products at least as early as 1951, and has used the mark in United States interstate commerce continuously since that date.

20.     ScottsMiracle-Gro advertises and sells ScottsMiracle-Gro's Products under the MIRACLE-GRO Marks throughout the United States, including in retail stores in this judicial district. ScottsMiracle-Gro also markets its Products under the MIRACLE-GRO Marks throughout the United States via the Internet, including on its websites accessible at www.miraclegro.com, www.scotts.com, and www.mygro.com.

21.     ScottsMiracle-Gro also heavily markets its Products under the MIRACLE-GRO Marks on social media platforms including the following:

Facebook (https://www.facebook.com/MiracleGro/)

Instagram (https://www.instagram.com/miraclegro)

YouTube (https://www.youtube.com/user/MiracleGroGardens)

Pinterest (https://www.pinterest.com/miraclegro/)

Twitter (https://twitter.com/miraclegro).

22.     ScottsMiracle-Gro has invested extraordinary resources developing, advertising, promoting and marketing ScottsMiracle-Gro's Products under the MIRACLE-GRO Marks throughout the United States and establishing the marks in the minds of consumers as the source of high quality goods offered by ScottsMiracle-Gro. As a result, and in addition to its registered

rights described below, ScottsMiracle-Gro enjoys extremely strong common law trademark rights in the MIRACLE-GRO Marks, embodying invaluable goodwill.

23. ScottsMiracle-Gro prominently and extensively uses the MIRACLE-GRO Marks directly on packaging for ScottsMiracle-Gro's Products and in nationwide advertising and promotional materials for the Products, including but not limited to television, print advertisements, brochures, and the Internet.

24. The MIRACLE-GRO Marks are inherently distinctive, and have become favorably known among consumers as used in connection with ScottsMiracle-Gro's Products, and have become an invaluable symbol of the source of goods bearing the MIRACLE-GRO Marks, of the high quality of goods bearing the marks, and of the goodwill associated with the marks.

25. As a result of ScottsMiracle-Gro's extensive investment in the MIRACLE-GRO Marks, as well as widespread publicity and recognition, the MIRACLE-GRO marks are famous under Section 43(a) of the Lanham Act, U.S.C. § 1125(c).

26. In addition to ScottsMiracle-Gro's common law trademark rights in the MIRACLE-GRO Marks, OMS Investments, Inc. owns the following United States Federal trademark registrations for the marks (collectively the "Registered MIRACLE-GRO Marks"):

| Trademark | Application Number (Application Date) | Registration Number (Registration Date) | Goods |
|---|---|---|---|
| MIRACLE-GRO | 72/046,856 2/28/1958 | 668,868 10/28/1958 | Int'l Class 1: Water soluble plant food |
| MIRACLE-GRO | 73/283,281 10/24/1980 | 1,223,038 1/11/1983 | Int'l Class 1: Fertilizer in the form of spikes for trees and shrubs |
| MIRACLE-GRO POUR &FEED | 75/751,306 6/29/1999 | 2,601,682 7/30/2002 | Int'l Class 1: Fertilizer for home and garden use |

6

| Trademark | Application Number (Application Date) | Registration Number (Registration Date) | Goods |
|---|---|---|---|
| **MIRACLE-GRO GARDEN WEED PREVENTER** | 76/027,638 4/14/2000 | 2,618,699 9/10/2002 | Int'l Class 1: Fertilizers for domestic use<br><br>Int'l Class 5: Herbicides for domestic use |
|  | 76/496,455 3/4/2003 | 2,820,953 3/9/2004 | Int'l Class 1: Fertilizers for domestic use; plant food; garden soil; potting mix; seed starter mix for domestic use; root stimulating hormone that converts plant cells to stem cells<br><br>Int'l Class 1: Herbicides for domestic use<br><br>Int'l Class 21: Garden feeders, namely containers designed to hold plant food and are used to feed and water plants<br><br>Int'l Class 31: Sphagnum peat moss |
|  | 76/496,458 3/4/2003 | 2,822,655 3/16/2004 | Int'l Class 1: Fertilizers for domestic use; plant food; garden soil; potting mix; seed starter mix for domestic use; root stimulating hormone that converts plant cells to stem cells<br><br>Int'l Class 5: Herbicides for domestic use<br><br>Int'l Class 21: Garden feeders, namely containers designed to hold plant food and are used to feed and water plants<br><br>Int'l Class 31: Sphagnum peat moss |
|  | 76/496,457 3/4/2003 | 3,233,837 4/24/2007 | Int'l Class 1: Charcoal for horticultural purposes and for use as a soil conditioner; perlite for horticultural purposes and for use as a soil conditioner |
| **MIRACLE-GRO** | 85/688,831 7/27/2012 | 4,289,146 2/12/2013 | Int'l Class 21: Fertilizer and plant food mixers and sprayers attached to garden |

| Trademark | Application Number (Application Date) | Registration Number (Registration Date) | Goods |
|---|---|---|---|
| | | | hoses; pots for plants and flowers; containers for plants and flowers |
|  | 85/689,061 7/27/2012 | 4,289,148 2/12/2013 | Int'l Class 21: Pots for plants and flowers; containers for plants and flowers |
| **MIRACLE-GRO** | 85/679,456 7/17/2012 | 4,301,017 3/12/2013 | Int'l Class 1: Fertilizer, growing media for plants, soil conditioners for domestic and horticultural use, soil amendments, garden soil, planting soil, potting soil, potting mix, root stimulating hormone for plants, leaf shine |
| **MIRACLE-GRO** | 85/688,870 7/27/2012 | 4,301,405 3/12/2013 | Int'l Class 31: Live plants; peat moss; planting and gardening kits for indoor and outdoor planting comprised primarily of pots and growing containers and growing media and also including seeds for fruit, seeds for vegetables, seeds for herbs, seeds for flowers, and live plants, soil, mulch and fertilizer |
|  | 85/688,948 7/27/2012 | 4,301,406 3/12/2013 | Int'l Class 1: Growing media for plants, soil amendments, soil conditioners for domestic and horticultural use, planting soil, potting soil, leaf shine |
|  | 85/980,284 8/7/2012 | 4,462,833 1/7/2014 | Int'l Class 21: Pots for plants and flowers; containers for plants and flowers |
| **EVERYONE GROWS WITH MIRACLE-GRO** | 85/981,277 12/27/2012 | 4,512,738 4/8/2014 | Int'l Class 1: Fertilizer, growing media for plants, soil conditioners for domestic and horticultural use, soil amendments, gardening soil, planting soil, potting soil, |

| Trademark | Application Number (Application Date) | Registration Number (Registration Date) | Goods |
|---|---|---|---|
| | | | potting mix for starting seeds and growing plants<br><br>Int'l Class 5: Pesticides, insecticides |
|  | 85/981,788<br>4/17/2013 | 4,540,389<br>5/27/2014 | Int'l Class 11: Gardening appliance systems for hydroponic and horticultural propagation systems for use in growing plants, namely, gardening irrigation systems comprising environmentally controlled chambers capable of providing water, plant nutrients, and light |
| GRO | 86/629,383<br>5/14/2015 | 5,046,484<br>9/20/2016 | Int'l Class 9: Downloadable software for mobile phone applications in the field of advice and information on the subjects of gardening and lawn care and the use of products relating to gardening and lawn care; computer application software for mobile phones, namely, mobile phone applications in the field of advice and information on the subjects of gardening and lawn care and the use of products relating to gardening and lawn care |
| GRO | 87/977,099<br>8/3/2017 | 5,466,430<br>5/8/2018 | Int'l Class 9: Electronic irrigation controllers; electronic sensors for irrigation uses; electronic sensors connectable to electronic irrigation controllers; electronic controllers and sensors for irrigation, and sprinkler uses and systems; electronic weather measurement sensors; sensors for monitoring temperature, humidity, moisture and sunlight; electronic plant moisture sensors; downloadable computer software applications in the nature of mobile applications allowing users to remotely monitor, control, and receive updates and notifications from computer hardware devices; electronic apparatus, computer firmware, and computer software, all for use |

9

| Trademark | Application Number (Application Date) | Registration Number (Registration Date) | Goods |
|---|---|---|---|
| | | | in accessing, monitoring and controlling domestic, commercial and horticultural irrigation systems and moisture sensor |
| GIVE BACK TO GRO | 75/674,557 4/5/1999 | 2,454,509 5/29/2001 | Int'l Class 42: Promoting public awareness of the need for community gardening and horticultural education to encourage and promote community pride through gardening activities |

27.     These registrations are valid, subsisting, and in full force and effect.  True and correct copies of documents retrieved from the United States Patent and Trademark Office's online Trademark Status & Document Retrieval database ("TSDR") evidencing the current status and OMS Investments, Inc.'s ownership of the Registered MIRACLE-GRO Marks are attached hereto as **Exhibit A.**

28.     Notably, United States Trademark Registration Nos. 668,868; 1,223,038; 2,601,682; 2,618,699; 2,820,953; 2,822,655; 2,454,509, 3,233,837 and 4,016,383 have achieved incontestable status pursuant to 15 U.S.C. § 1065.  Accordingly, these registrations provide conclusive evidence of the validity of the registered MIRACLE-GRO marks, OMS Investments, Inc.'s ownership of the registered trademarks, and OMS Investments, Inc.'s exclusive right to use the registered trademarks in connection with the goods specified in the certificates of registration for the trademarks. 15 U.S.C. § 1115(b).

29.     In addition to ScottsMiracle-Gro's common law rights based on its 1951 first use of the MIRACLE-GRO mark in United States interstate commerce, OMS Investments, Inc. has a presumption of nationwide rights to use the MIRACLE-GRO mark dating back more than sixty years, to October 28, 1958, the registration date of United States Trademark Registration No.

668,868. 15 U.S.C. § 1072.

**Defendants' Infringing Acts**

30. Upon information and belief, notwithstanding ScottsMiracle-Gro's nationwide prior rights in the MIRACLE-GRO Marks, Defendants adopted "MiracleGro Marketing" as the name under which they conduct business. In addition, Defendants are marketing and selling services under the MIRACLEGRO and GRO marks ("Defendants' Marks") that are closely related to the goods and services ScottsMiracle-Gro markets and sells under the MIRACLE-GRO Marks. Specifically, Defendants offer goods and services under Defendants' Marks related to growing and marketing plants (collectively "Defendants' Products").

31. Defendants market their Services under Defendants' Marks through Defendants' website accessible at (http://www.miraclegromarketing.com), Defendants' Facebook page (https://www.facebook.com/MiracleGroMarketing/), Defendants' Twitter page (https://twitter.com/MiraclegroM), and Defendants' Instagram page (https://www.instagram.com/miraclegromarketing/). Representative examples of Defendants' use of Defendants' Marks in connection with Defendants' Products are pictured below:







32.    Defendants prominently use a GRO logo in connection with Defendants' Products that is strikingly similar to the famous logo ScottsMiracle-Gro uses with its MIRACLEGRO mark. See below:



12

33.     Defendants market and sell their Services under Defendant's Marks in trade channels that are, at a minimum, related to ScottsMiracle-Gro's trade channels and to consumers that are, at a minimum, related to ScottsMiracle-Gro's consumers.

34.     Upon information and belief, Defendants are using Defendant's Marks with actual and constructive knowledge of ScottsMiracle-Gro's famous MIRACLE-GRO Marks, and with intent to capitalize on the reputation and goodwill of ScottsMiracle-Gro and its famous MIRACLE-GRO Marks, to confuse and deceive consumers and the trade, and to unfairly compete with ScottsMiracle-Gro.

35.     ScottsMiracle-Gro has never authorized, licensed, or otherwise endorsed Defendants, Defendants' Services, and/or Defendants' use of Defendants' Marks.

36.     Defendants' use of Defendants' Marks in connection with the promotion and sale of their services in interstate commerce, including in North Carolina and in this judicial district, has caused, and is likely to cause, confusion, mistake, and deception among the relevant purchasing public and the trade. Consumers and the trade will likely believe that Defendants' Products are associated with, or connected with, or approved or authorized by ScottsMiracle-Gro, or that Defendants' Products originate from the same source as ScottsMiracle-Gro's goods and services, when that is not the case.

37.     Any such confusion would result in injury and have a direct impact on ScottsMiracle-Gro's reputation and its ability to market its own products and services under the MIRACLE-GRO Marks. In addition, any defect, objection, or fault found with Defendants' Products would negatively impact and seriously injure the reputation and goodwill ScottsMiracle-Gro has established for itself, the goods and services it offers under the MIRACLE-GRO Marks, and the MIRACLE-GRO Marks.

38.     Upon information and belief, Defendants' use of Defendants' Mark in interstate commerce has caused and is likely to cause dilution of ScottsMiracle-Gro's famous MIRACLE-GRO mark, by lessening the capacity of the famous mark to identify and distinguish ScottsMiracle-Gro's products and services and by tarnishing the reputation of the MIRACLE-GRO mark, all to ScottsMiracle-Gro's detriment.

39.     All of the foregoing acts of Defendants have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury and damage to ScottsMiracle-Gro for which it has no adequate remedy at law.

## COUNT I

### INFRINGEMENT OF REGISTERED TRADEMARKS
### 15 U.S.C. § 1114

40.     ScottsMiracle-Gro repeats the allegations in Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.     Defendants, without the consent or authorization of ScottsMiracle-Gro, have used and are using, in interstate commerce, Defendants' Marks, which are identical and confusingly similar to OMS Investments, Inc.'s prior Registered MIRACLE-GRO Marks in United States Registration Nos. 668,868; 1,223,038; 2,601,682; 2,618,699; 2,820,953; 2,822,655; 3,233,837; 4,289,146; 4,289,148; 4,301,017; 4,301,405; 4,301,406; 4,462,833; 4,512,738; 4,540,389 in connection with services highly related to the products and services ScottsMiracle-Gro sells under its Registered MIRACLE-GRO Marks, and such use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and of Defendants' Products, with ScottsMiracle-Gro, or as to the origin, sponsorship, or approval of Defendants' Products.

14

42.     The goodwill of OMS Investments, Inc.'s Registered MIRACLE-GRO Marks is of significant value, and ScottsMiracle-Gro is suffering, and will continue to suffer, irreparable harm should Defendants continue their unauthorized use of Defendants' Marks.

43.     Defendants' unauthorized use of Defendants' Marks in connection with Defendants' Products are intended to, and will, divert to Defendants the benefit of the reputation and goodwill symbolized by OMS Investments, Inc.'s Registered MIRACLE-GRO Marks, which belong exclusively to OMS Investments, Inc.

44.     Defendants' acts constitute infringement of OMS Investments, Inc.'s Registered MIRACLE-GRO Marks under 15 U.S.C. § 1114(1).

45.     Defendants' unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of OMS Investments, Inc.'s rights.

46.     As a result of Defendants' acts of trademark infringement, OMS Investments, Inc. is suffering irreparable harm.

47.     Unless and until Defendants are enjoined by this Court, Defendants will continue to commit acts of trademark infringement and will continue to confuse the public and cause irreparable harm to OMS Investments, Inc.

## COUNT II

### FEDERAL FALSE DESIGNATION OF ORIGIN AND FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a)

48.     ScottsMiracle-Gro repeats the allegations in Paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49.     By making unauthorized use in interstate commerce of Defendants' Marks, Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation,

15

connection, or association of Defendants and Defendants' Products with ScottsMiracle-Gro, or as to the origin, sponsorship or approval of Defendants' Products.

50.     Defendants' acts constitute false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

51.     Defendants' unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of ScottsMiracle-Gro's prior rights in the MIRACLE-GRO Marks.

52.     As a result of Defendants' acts of false designation of origin and unfair competition, ScottsMiracle-Gro is suffering irreparable harm.

## COUNT III

### TRADEMARK DILUTION BY BLURRING AND TARNISHMENT
### 15 U.S.C. § 1125(C)

53.     ScottsMiracle-Gro incorporates the allegations set forth in Paragraphs 1 through 52 above as if fully set forth here.

54.     ScottsMiracle-Gro's MIRACLE-GRO mark is famous and distinctive throughout the United States including among consumers, the trade, and the general public in the State of North Carolina and in this Judicial District, and was famous long before Defendants commenced their unlawful conduct described herein.

55.     The foregoing acts of Defendants have caused, and will continue to cause, irreparable dilution of the distinctive quality of the MIRACLE-GRO mark and are intended to undermine the uniqueness and distinctiveness of the mark, constituting dilution by blurring of the MIRACLE-GRO mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C 1125(c).

16

56.     The foregoing acts of Defendants have also caused, and will continue to cause, a reduction in value of the MIRACLE-GRO mark because the public will wrongly associate the lack of quality and/or prestige of Defendants' Products with ScottsMiracle-Gro, constituting dilution by tarnishment of the MIRACLE-GRO mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C § 1125(c).

57.     Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

58.     Defendants' actions have caused and continue to cause irreparable harm and damage to ScottsMiracle-Gro, for which ScottsMiracle-Gro has no adequate remedy at law. Unless enjoined by this Court, Defendants will continue their wrongful actions, further injuring ScottsMiracle-Gro and confusing the public.

## COUNT IV

### UNFAIR AND DECEPTIVE TRADE PRACTICES
### N.C. GEN. STAT. § 75-1.1

59.     ScottsMiracle-Gro incorporates the allegations set forth in Paragraphs 1 through 58 above as if fully set forth here.

60.     By making unauthorized use of Defendants' Marks in connection with Defendants' Products, Defendants are engaging in unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1.  Among other things, Defendants' actions have caused and are causing confusion and a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of the Defendants' Products that they market and sell under Defendants' Marks and as to the affiliation, connection, or association between Defendants and Defendants' Products and ScottsMiracle-Gro.

17

61.     Defendants' use of Defendants' Marks has affected and continues to affect commerce, including commerce in North Carolina, as Defendants are promoting and selling their services under Defendants' Marks to the general public including consumers in North Carolina and in this judicial district.

62.     Defendants' unfair and deceptive actions have caused or are likely to cause damage to ScottsMiracle-Gro's business reputation, ScottsMiracle-Gro's goodwill and the goodwill of the MIRACLE-GRO Marks, and unless restrained and enjoined, will continue to irreparably impair ScottsMiracle-Gro's reputation and goodwill and the goodwill of the MIRACLE-GRO Marks for which there is no adequate remedy at law.

63.     Defendant's acts have been deliberate, willful, and in intentional disregard of ScottsMiracle-Gro's rights.  Defendants intentionally engaged in the conduct described herein fully knowing it to cause confusion and to be deceptive.  Accordingly, Plaintiffs are entitled to actual and treble damages, costs and reasonable attorneys' fees under N.C. Gen. Stat. § 75-16 and § 75-16.1.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

64.     ScottsMiracle-Gro incorporates the allegations set forth in Paragraphs 1 through 63 above as if fully set forth here.

65.     By marketing and selling in commerce services under Defendants' Mark, Defendants are creating a likelihood of confusion, mistake, or deception as to the source, origin, or sponsorship of their services. This use of Defendants' Marks in connection with Defendants' Products is likely to induce consumers to mistakenly believe that Defendants' and Defendants' Products are affiliated, sponsored, sold, approved by, or connected with ScottsMiracle-Gro.

18

66.     Defendants' conduct has been intentional and undertaken for the purpose of deceiving consumers into believing that their services are associated with ScottsMiracle-Gro. Defendants have acted with full knowledge of the deceptiveness of their conduct and harm to ScottsMiracle-Gro's business.

67.     Defendants' conduct constitutes unfair competition under the common law of the State of North Carolina.

68.     Defendants' acts of unfair competition are causing ScottsMiracle-Gro to suffer irreparable harm, for which it has no adequate remedy at law. Unless and until Defendants are enjoined, Defendants will continue to compete unfairly against and cause irreparable harm to ScottsMiracle-Gro.

## JURY DEMAND

69.     ScottsMiracle-Gro demands a trial by jury on all matters and issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, ScottsMiracle-Gro prays that the Court enter Judgment finding, concluding, and declaring:

A.     That Defendants' use of Defendants' Marks in all forms constitutes trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), trademark dilution under 15 U.S.C. § 1125(c), and unfair and deceptive trade practices under North Carolina law;

B.     That Defendants and their owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees and attorneys, and all persons

19

or entities in active concert, participation, or privity with any of them, be permanently enjoined, pursuant to 15 U.S.C. § 1116 and applicable state laws, from:

1. Using Defendants' Marks, including all formative variations, or any other names, marks or slogans, that are likely to cause confusion, mistake or deception with ScottsMiracle-Gro's MIRACLE-GRO Marks;

2. Doing any other act or thing likely to induce the mistaken belief that Defendants or Defendants' Products are in any way affiliated, connected, or associated with ScottsMiracle-Gro or its goods and services, and doing any other act or thing likely to cause confusion with ScottsMiracle-Gro's MIRACLE-GRO Marks;

3. Trading on the goodwill associated with ScottsMiracle-Gro's MIRACLE-GRO Marks and passing off their services as those of or authorized by ScottsMiracle-Gro;

4. Injuring ScottsMiracle-Gro's business reputation and the goodwill associated with ScottsMiracle-Gro's MIRACLE-GRO Marks and from otherwise unfairly competing with ScottsMiracle-Gro in any manner whatsoever;

5. Marketing, rendering, selling or transporting any goods or services that bear Defendants' Marks, or any images, symbols, or trademarks confusingly similar to ScottsMiracle-Gro's MIRACLE-GRO Marks, including but not limited to displaying promotional and marketing materials on outlets such as websites, social media platforms, and other sources available over the Internet;

C. That, pursuant to 15 U.S.C. § 1118, Defendants be ordered to deliver up for destruction all materials, including but not limited to labels, packaging, brochures, advertisements, literature, promotions, displays, catalogs, and all other matter in the custody or under the control

20

of Defendants bearing and/or displaying the Defendants' Marks or any confusingly similar packaging or marks;

D.     That Defendants be ordered to recall from all customers, vendors, sales people, and authorized agents all materials, including but not limited to, product packaging, brochures, advertisements, promotions, and all other matter bearing and/or displaying the Defendants' Marks;

E.     That Defendants be ordered to notify all customers, vendors, sales people, and authorized agents of this Judgment;

F.     That, pursuant to 15 U.S.C. § 1116, Defendants be directed to file with this Court and to serve on ScottsMiracle-Gro, within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

G.     That Defendants be directed to provide a complete accounting to ScottsMiracle-Gro for any and all profits realized from the sale of products or services under Defendants' Marks from inception up through the date of the judgment;

H.     That ScottsMiracle-Gro be awarded its actual compensatory damages and Defendants' profits, in an amount to be determined at trial;

I.     That Defendants be ordered to pay treble damages pursuant to 15 U.S.C. § 1117 and applicable state statutes for their knowing, intentional, and willful violations of federal law;

J.     That ScottsMiracle-Gro be awarded all reasonable attorneys' fees, costs and disbursements incurred by ScottsMiracle-Gro as a result of this action, pursuant to 15 U.S.C. § 1117(a);

K.     That ScottsMiracle-Gro be awarded all damages available under North Carolina law; and

L.    That ScottsMiracle-Gro be awarded any such other and further relief as this Court deems just and proper.

Date: June 27, 2019

                                        Respectfully submitted,

                                        **THE SCOTTS COMPANY LLC AND**
                                        **OMS INVESTMENTS, INC.**

                          By:     */s/ Robert C. Van Arnam*
                                        Robert C. Van Arnam
                                        rvanarnam@williamsmullen.com
                                        WILLIAMS MULLEN
                                        301 Fayetteville Street, Suite 1700
                                        Raleigh, NC 27601
                                        Telephone:  (919) 981-4055
                                        Facsimile:  (919) 981-4300

                                        *Attorney for The Scotts Company LLC and*
                                        *OMS Investments, Inc.*