## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## EASTERN DIVISION

|  |  |
|---|---|
| THE SCOTTS COMPANY LLC and OMS INVESTMENTS, INC., Plaintiffs, | |
| v. | Case No. 5:19-cv-00266-D |
| MIRACLEGRO MARKETING, DROPLINE DESIGN LLC, STEPHEN TOTH, and VICTORIA TOTH, Defendants. | |

## ORDER OF PERMANENT INJUNCTION

This matter has come before the Court on the Motion by Plaintiffs Scotts Company LLC and OMS Investments, Inc. (collectively "Plaintiffs") for Permanent Injunction. Having carefully considered the matter and the facts and law, the Court hereby GRANTS Plaintiffs' motion and sets forth its ruling as follows:

**Procedural History and Findings of Fact and Law**

1. On June 27, 2019, Plaintiffs filed their Complaint against Defendants MiracleGro Marketing, Dropline Design, LLC, Stephen Toth, and Victoria Toth (collectively "Defendants"), raising claims for: Count I (Trademark Infringement) - 15 U.S.C. § 1114; Count II (Federal False Designation of Origin and Unfair Competition) - 15 U.S.C. § 1125(a); Count III (Federal Trademark Dilution) – 15 U.S.C. § 1125(c); Count IV (unfair and deceptive trade practices in violation) - N.C. Gen. Stat. § 75-1.1; and Count V (common law unfair competition) based on Defendants' use of the MIRACLEGRO and GRO marks.

2. Defendants were served with but did not respond to the Complaint or otherwise appear in this matter. On November 18, 2019, the Clerk of Court entered default and by Motion of Plaintiffs, this Court granted default judgment.

3. This Court has subject matter jurisdiction over Plaintiffs' claims brought under the Lanham Act, 15 U.S.C. § 1051 *et seq.* (Counts I, II, and III) pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338 and 15 U.S.C. § 1121(a), and supplemental jurisdiction over Plaintiffs' North Carolina statutory and common law claims pursuant to 28 U.S.C. § 1367(a).

4. This Court has personal jurisdiction over Defendants because Defendants have a principal place of business and/or reside in the Eastern District of North Carolina and are, and have been, conducting continuous and systematic business by promoting and selling services within the State of North Carolina and within the Eastern District of North Carolina. In addition, as set forth below, Defendants have also caused harm and committed unlawful acts in this judicial district, and Plaintiffs have suffered harm in this judicial district as a result of Defendants' conduct.

5. Plaintiffs have valid and subsisting common law rights in the MIRACLE-GRO and various GRO-formative marks (collectively the "MIRACLE-GRO Marks"), which Plaintiffs use to market and sell various goods and services directed to growing plants, including but not limited to, fertilizers, soils, plant food, garden tools, plant growing systems, and advice and information relating to growing plants and related products and services. The MIRACLE-GRO Marks are inherently distinctive.

6. As a result of Plaintiffs' extensive investment in the MIRACLE-GRO mark, as well as widespread publicity and recognition, Plaintiffs' MIRACLE-GRO mark is famous under Section 43(a) of the Lanham Act, U.S.C. § 1125(c).

7. In addition to Plaintiffs' common law trademark rights in the MIRACLE-GRO Marks, OMS Investments, Inc. owns the following United States Federal trademark registrations for the marks (collectively the "Registered MIRACLE-GRO Marks"):

| Trademark | Application Number (Application Date) | Registration Number (Registration Date) | Goods |
|---|---|---|---|
| **MIRACLE-GRO** | 72/046,856 2/28/1958 | 668,868 10/28/1958 | Int'l Class 1: Water soluble plant food |
| **MIRACLE-GRO** | 73/283,281 10/24/1980 | 1,223,038 1/11/1983 | Int'l Class 1: Fertilizer in the form of spikes for trees and shrubs |
| **MIRACLE-GRO POUR &FEED** | 75/751,306 6/29/1999 | 2,601,682 7/30/2002 | Int'l Class 1: Fertilizer for home and garden use |
| **MIRACLE-GRO GARDEN WEED PREVENTER** | 76/027,638 4/14/2000 | 2,618,699 9/10/2002 | Int'l Class 1: Fertilizers for domestic use  Int'l Class 5: Herbicides for domestic use |
|  | 76/496,455 3/4/2003 | 2,820,953 3/9/2004 | Int'l Class 1: Fertilizers for domestic use; plant food; garden soil; potting mix; seed starter mix for domestic use; root stimulating hormone that converts plant cells to stem cells  Int'l Class 1: Herbicides for domestic use  Int'l Class 21: Garden feeders, namely containers designed to hold plant food and are used to feed and water plants  Int'l Class 31: Sphagnum peat moss |
|  | 76/496,458 3/4/2003 | 2,822,655 3/16/2004 | Int'l Class 1: Fertilizers for domestic use; plant food; garden soil; potting mix; seed starter mix for domestic use; root stimulating hormone that converts plant cells to stem cells  Int'l Class 5: Herbicides for domestic use |

3

| Trademark | Application Number (Application Date) | Registration Number (Registration Date) | Goods |
|---|---|---|---|
| | | | Int'l Class 21: Garden feeders, namely containers designed to hold plant food and are used to feed and water plants<br><br>Int'l Class 31: Sphagnum peat moss |
| Miracle·Gro | 76/496,457<br>3/4/2003 | 3,233,837<br>4/24/2007 | Int'l Class 1: Charcoal for horticultural purposes and for use as a soil conditioner; perlite for horticultural purposes and for use as a soil conditioner |
| MIRACLE-GRO | 85/688,831<br>7/27/2012 | 4,289,146<br>2/12/2013 | Int'l Class 21: Fertilizer and plant food mixers and sprayers attached to garden hoses; pots for plants and flowers; containers for plants and flowers |
| Miracle-Gro | 85/689,061<br>7/27/2012 | 4,289,148<br>2/12/2013 | Int'l Class 21: Pots for plants and flowers; containers for plants and flowers |
| MIRACLE-GRO | 85/679,456<br>7/17/2012 | 4,301,017<br>3/12/2013 | Int'l Class 1: Fertilizer, growing media for plants, soil conditioners for domestic and horticultural use, soil amendments, garden soil, planting soil, potting soil, potting mix, root stimulating hormone for plants, leaf shine |
| MIRACLE-GRO | 85/688,870<br>7/27/2012 | 4,301,405<br>3/12/2013 | Int'l Class 31: Live plants; peat moss; planting and gardening kits for indoor and outdoor planting comprised primarily of pots and growing containers and growing media and also including seeds for fruit, seeds for vegetables, seeds for herbs, seeds for flowers, and live plants, soil, mulch and fertilizer |
| Miracle-Gro | 85/688,948<br>7/27/2012 | 4,301,406<br>3/12/2013 | Int'l Class 1: Growing media for plants, soil amendments, soil conditioners for domestic and horticultural use, planting soil, potting soil, leaf shine |

4

| Trademark | Application Number (Application Date) | Registration Number (Registration Date) | Goods |
|---|---|---|---|
| MiracleGro | 85/980,284 8/7/2012 | 4,462,833 1/7/2014 | Int'l Class 21: Pots for plants and flowers; containers for plants and flowers |
| EVERYONE GROWS WITH MIRACLE-GRO | 85/981,277 12/27/2012 | 4,512,738 4/8/2014 | Int'l Class 1: Fertilizer, growing media for plants, soil conditioners for domestic and horticultural use, soil amendments, gardening soil, planting soil, potting soil, potting mix for starting seeds and growing plants<br><br>Int'l Class 5: Pesticides, insecticides |
| MiracleGro | 85/981,788 4/17/2013 | 4,540,389 5/27/2014 | Int'l Class 11: Gardening appliance systems for hydroponic and horticultural propagation systems for use in growing plants, namely, gardening irrigation systems comprising environmentally controlled chambers capable of providing water, plant nutrients, and light |
| GRO | 86/629,383 5/14/2015 | 5,046,484 9/20/2016 | Int'l Class 9: Downloadable software for mobile phone applications in the field of advice and information on the subjects of gardening and lawn care and the use of products relating to gardening and lawn care; computer application software for mobile phones, namely, mobile phone applications in the field of advice and information on the subjects of gardening and lawn care and the use of products relating to gardening and lawn care |
| GRO | 87/977,099 8/3/2017 | 5,466,430 5/8/2018 | Int'l Class 9: Electronic irrigation controllers; electronic sensors for irrigation uses; electronic sensors connectable to electronic irrigation controllers; electronic controllers and sensors for irrigation, and sprinkler uses and systems; electronic weather measurement sensors; sensors for monitoring temperature, humidity, moisture and sunlight; electronic plant moisture |

| Trademark | Application Number (Application Date) | Registration Number (Registration Date) | Goods |
|---|---|---|---|
| | | | sensors; downloadable computer software applications in the nature of mobile applications allowing users to remotely monitor, control, and receive updates and notifications from computer hardware devices; electronic apparatus, computer firmware, and computer software, all for use in accessing, monitoring and controlling domestic, commercial and horticultural irrigation systems and moisture sensor |
| GIVE BACK TO GRO | 75/674,557 4/5/1999 | 2,454,509 5/29/2001 | Int'l Class 42: Promoting public awareness of the need for community gardening and horticultural education to encourage and promote community pride through gardening activities |

8. These registrations are valid, subsisting, and in full force and effect, and United States Trademark Registration Nos. 668,868; 1,223,038; 2,601,682; 2,618,699; 2,820,953; 2,822,655; 2,454,509, 3,233,837 and 4,016,383, have achieved incontestable status pursuant to 15 U.S.C. § 1065.

9. Defendants adopted "MiracleGro Marketing" as the name under which they conduct business, and are marketing and selling services under the MIRACLEGRO and GRO marks ("Defendants' Marks") that are closely related to the goods and services Plaintiffs market and sell under the MIRACLE-GRO Marks. Specifically, Defendants offer goods and services under Defendants' Marks related to growing and marketing plants (collectively "Defendants' Services").

10. Defendants market Defendants' Services under Defendants' Marks through Defendants' website at http://www.miraclegromarketing.com.

11. Defendants also market their services and products in social media sites including:

Defendants' Facebook page (https://www.facebook.com/MiracleGroMarketing/), Defendants Twitter page (https://twitter.com/MiraclegroM), and Defendants' Instagram page (https://www.instagram.com/miraclegromarketing/).

12. Plaintiffs have never authorized, licensed, or otherwise endorsed Defendants, Defendants' Services, and/or Defendants' use of Defendants' Marks.

13. Defendants' use of Defendants' Marks in connection with the promotion and sale of Defendants' Services in interstate commerce, including in North Carolina and in this judicial district, has caused, and is likely to cause, confusion, mistake, and deception among the relevant purchasing public.

14. Defendants' use of Defendants' Mark in interstate commerce has caused and is likely to cause dilution of Plaintiffs' famous MIRACLE-GRO mark, by lessening the capacity of the famous mark to identify and distinguish Plaintiffs' products and services and by tarnishing the reputation of the MIRACLE-GRO mark.

15. Defendants have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury and damage to Plaintiffs for which they have no adequate remedy at law.

16. Defendants' use of Defendants' Marks in all forms constitutes trademark infringement under 15 U.S.C. § 1114, false designation of origin and unfair competition under 15 U.S.C. § 1125(a), trademark dilution under 15 U.S.C. § 1125(c), and unfair and deceptive trade practices under North Carolina law (N.C. GEN. STAT. § 75-1.1 and common law).

7

THEREFORE, based on the findings of fact and law as set forth above and in the Complaint, the Court enters this Order **ENJOINING AND RESTRAINING** Defendants and each of their respective officers, agents, servants, employees, and attorneys, and all others who are in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (collectively "Enjoined Parties") as follows.

A. The Enjoined Parties are PERMANENTLY ENJOINED from using Defendants' Marks, including all formative variations, or any other names, marks or slogans, that are likely to cause confusion, mistake or deception with or dilute Plaintiffs' MIRACLE-GRO Marks in connection with Defendant Services.

B. Within thirty days of entry of this Order, pursuant to 15 U.S.C. § 1118, Defendants must deliver up for destruction all materials, including but not limited to labels, packaging, brochures, advertisements, literature, promotions, displays, catalogs, and all other matter in the custody or under the control of the Enjoined Parties bearing and/or displaying the Defendants' Marks.

C. Within thirty days of entry of this Order, Defendants must have recalled from all customers, vendors, sales people, and authorized agents all materials, including but not limited to, product packaging, brochures, advertisements, promotions, and all other matter bearing and/or displaying the Defendants' Marks.

D. Within thirty days of entry of this Order, Defendants are ordered to have notified all customers, vendors, sales people, and authorized agents of this Judgment and Injunction.

E. Within thirty days of Entry of this Order, pursuant to 15 U.S.C. § 1116, Defendants must file with this Court and serve on Plaintiffs, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the Order.

Except for as set forth above in paragraphs B-E, the effect of this Order is immediate upon entry.

**SO ORDERED** this the _10_ day of February, 2020.

James C. Dever III
United States District Judge